IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID SANDROIAN and  IULIIA SANDROIAN, | ) ) | |
| Plaintiffs, | ) | Case No. _____ |
| vs. | ) ) | |
| PLAINVILLE BRANDS, LLC,  t/d/b/a PLAINVILLE FARMS, | ) ) | Electronically Filed |
| Defendant. | ) | |

# COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiffs, David Sandroian and Iuliia Sandroian, by and through their counsel, Robert Varsek, Esquire, and for their Complaint in Civil Action against the above-named Defendant, states as follows:

A.  Nature of Action

1. This case sounding in premises liability involves claims based upon Pennsylvania common law negligence against the Defendant for the Plaintiffs' damages and loss of consortium that were proximately caused by the negligence, wrongful acts and/or omissions of the respective agents, employees and servants of the Defendant, who were acting within the scope and course of their employment.

B.  Parties

2. The Plaintiffs, David Sandroian and Iuliia Sandroian, are adults *sui juris* and residents of the State of Illinois maintaining their residence at 148 Chestnut Lane in Wheeling, Illinois 60090.  At all time relevant hereto, the Plaintiffs were, and remain, husband and wife.

3. The Defendant, Plainville Brands, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, maintaining a principal place of business at 304 S. Water Street in New Oxford, Adams County, Pennsylvania 17350.  At all time relevant

1

hereto, the Defendant was and remains a food manufacturer and distributor, trading and doing business as Plainville Farms.

4. At all times relevant hereto, the Defendant, in the course of its business activities, either owned, operated, managed or maintained a commercial property and distribution center addressed as 304 S. Water Street in New Oxford, Adams County, Pennsylvania. At this site, the Defendant maintained raised loading docks external to its buildings whereby the Defendant would receive commercial trucks for purposes of shipping and receiving commercial food products in the course of its business activities.

5. Plaintiffs reasonably believe, and therefore aver, the Defendant did care for, supervise, control and maintain said loading docks and adjacent exterior parking and walking surfaces which were open to the Defendant's employees and its business invitees.

6. At all times relevant and material hereto, the Defendant was acting by and through its servants, agents and employees, who were then and there engaged upon the performance of their duties, within the scope of their employment and upon the Defendant's business. The Plaintiffs did not, at any time material and relevant hereto, have any control, directly or indirectly, over the acts or omissions of the Defendant, its agents, servants or employees.

C. Jurisdiction

7. The Plaintiffs are citizens of the State of Illinois and the Defendant operates its principal place of business in the Commonwealth of Pennsylvania, a jurisdiction completely diverse from the Plaintiffs. The matter in controversy exceeds, exclusive of costs and interest, Seventy-five Thousand ($75,000.00) and, as such, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

D.  Venue

8. Venue is proper within the Middle District of Pennsylvania because the events or omissions giving rise to this action occurred in this District.  28 U.S.C. § 1391(e).

E.  Material Facts

9. On July 21, 2020, Plaintiff Mr. Sandroian, a commercial truck driver, was returning cargo (a load of six pallets of pork meat) to the Defendant's distribution center located at 304 S. Water Street in New Oxford, Pennsylvania.

10. After he backed his trailer to the center of the Defendant's loading dock, Mr. Sandroian was then directed by the Defendant's employee to move his tractor/trailer away from the truck dock so the Defendant's employee from the warehouse could secure the trailer cargo using a loading bar.

11. Thereafter, one of the Defendant's dock employees requested Mr. Sandroian's assistance to help him secure the cargo from the trailer.

12. After assisting to secure the cargo, Mr. Sandroian proceeded to exit the trailer, and as he stepped down from the trailer onto the ground surface below the loading dock, he was caused to slip and violently fall and collide onto the concrete paved surface, causing him to suffer the injuries and damages set forth herein below.

13. At the time of his fall, the paved surface area in front of the loading dock area where Mr. Sandroian stepped down from his trailer was wet and slick due to thawing ice from the refrigerator trailers using this loading dock area and meat byproducts or fluids that had previously spilled or leaked onto the ground surface. The combination of the water and the meat byproducts created a very slippery walking surface.

14. At all times relevant hereto, there were no warning signs about the hazardous and slippery paved surface in front of the truck loading dock.

15. The Plaintiff reasonably believes, and therefore avers, that the Defendant had, or should have had, knowledge and/or notice, direct or constructive, of the existence of the defective and dangerous condition of the exterior paved surface below its raised loading dock where Mr. Sandroian slipped and fell, and Defendant was obligated to remedy, repair and/or eliminate the dangerous condition posed to Mr. Sandroian by the slippery parking surface.

F. Claims and Causes of Action

**COUNT I – NEGLIGENCE**

David Sandroian

vs.

Defendant

16. Paragraphs 1 through 15 are incorporated by reference as though more fully set forth herein.

17. The fall and consequent injuries and damages that Mr. Sandroian suffered as a result of the afore-described condition of the pave ground surface and area in front of the Defendant's loading dock, were caused by the negligence and carelessness of the Defendant, its agents, servants and/or employees, in the following particulars:

(a) failing to use due care and to employ reasonable skill in the performance of its duties and in its duty of care toward its business invitees, including Plaintiff Mr. Sandroian;

(b) permitting the paved ground surface and area in front of its truck loading dock to remain in an unsafe, unsuitable and dangerous condition, despite knowledge of the condition;

(c) failing to use reasonable prudence or care in maintaining the paved ground surface and area in front of its truck loading dock, and failing to maintain the paved surfaces and area in front of its truck loading dock in a safe condition;

(d) failing to warn the Plaintiff Mr. Sandroian of the unsafe and dangerous condition of the pave surface and area in front of its truck loading dock;

(e) unreasonably exposing Plaintiff Mr. Sandroian to a dangerous condition;

(f) permitting the paved surface and area in front of its truck loading dock to remain in a dangerous, unsuitable and unsafe condition;

(g) failing to correct, remedy, repair, and/or to eliminate the unsafe and dangerous conditions of the paved surfaces and area in front of its truck loading dock;

(h) failing to provide adequate and consistent training to prepare its personnel to identify unsafe conditions at the loading dock area;

(i) failing to create, implement and maintain a safety inspection program that would immediately remedy unsafe and hazardous conditions at and surrounding its loading dock where Mr. Sandroian fell;

(j) failing to assess the loading dock in order to identify where the potential for slips and falls and to designate qualified personnel to determine the best means of reducing any foreseeable exposure to hazardous conditions of the loading dock area;

(k) failing to implement a comprehensive safety program in accordance with industry principles applied to the safe operation of a loading dock area; and

(l) failing to comply with the national standards of care for providing a safe workplace for employees and for visiting workers.

18. As the direct and proximate result of the aforesaid negligent and careless acts and omissions of the Defendant, its agents, servants and/or employees, Mr. Sandroian suffered serious and severe injuries described as follows:

a) multiple abrasions, hematomas, bruises and contusions;

b) trauma to, sprain and strain of the muscles, connective tissues and nerves of his right wrist and right foot;

  c) right distal radius fracture requiring open reduction and internal fixation;

  d) calcaneus fracture in his right foot requiring open reduction and internal fixation;

  e) consequent post-traumatic stress, shock, loss and impairment of function in his right hand and right foot.

19. As the direct and proximate result of the aforesaid negligent and careless acts and omissions of the Defendant, its agents, servants and/or employees, Mr. Sandroian has unnecessarily experienced prolonged pain and suffering which he will continue to experience in the future, and has suffered disfigurement, humiliation and embarrassment, and will continue to suffer in the future disfigurement, emotional distress and mental anxiety as a result of the above-stated injuries.

20. As the direct and proximate result of the aforesaid negligent and careless acts and omissions of the Defendant, its agents, servants and/or employees, Mr. Sandroian has suffered an interruption of his daily habits, pursuits and enjoyments of life to his great detriment and loss, and may have sustained a permanent diminution in his ability to enjoy life and life's pleasures.

21. As the direct and proximate result of the aforesaid negligent and careless acts and omissions of the Defendant, its agents, servants and/or employees, Mr. Sandroian has been forced to submit to medical, surgical, medicinal and therapeutic treatments and may be forced to submit to the same in the future.

22. As the direct and proximate result of the aforesaid negligent and careless acts and omissions of the Defendant, its agents, servants and/or employees, Mr. Sandroian has incurred direct economic losses including wage loss, impairment of his ability to earn income, incidental losses, expenses for medical, surgical, medicinal and therapeutic treatment, and may incur future expenses for medical, medicinal and therapeutic treatment in an amount yet ascertained.

WHEREFORE, the Plaintiff DAVID SANDROIAN demands judgment in his favor against the within Defendant in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, plus interest, costs of suit and such other relief as may be recoverable under law.

## COUNT II – LOSS OF CONSORTIUM

Iuliia Sandroian

vs.

Defendant

23. The averments of Paragraphs 1 through 22 of the Complaint are incorporated herein as though fully set forth at length.

24. As the direct and proximate result of the aforesaid negligent and careless acts and omissions of the Defendant, its agents, servants and/or employees, and the consequent maladies, injuries and infirmities sustained by her husband David Sandroian, the Plaintiff Iuliia Sandroian has been deprived of her husband's aid, contributions, services, comfort, society, companionship and affection to her great detriment and loss.

25. As the direct and proximate result of the aforesaid negligent and careless acts and omissions of the Defendant, its agents, servants and/or employees, and the consequent maladies, injuries and infirmities sustained by her husband David Sandroian, the Plaintiff Iuliia Sandroian has suffered an interruption of her daily habits, pursuits and enjoyment of life to her great detriment and loss, and has sustained a permanent diminution in her ability to enjoy life and life's pleasures.

26. As the direct and proximate result of the aforesaid negligent and careless acts and omissions of the Defendant, its agents, servants and/or employees, and the consequent maladies, injuries and infirmities sustained by her husband David Sandroian, the Plaintiff Iuliia Sandroian has incurred expenses for medical, surgical, medicinal and therapeutic treatment for her husband's injuries.

WHEREFORE, the Plaintiff IULIIA SANDROIAN demands judgment in her favor against the within Defendant in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, plus interest, costs of suit and delay damages, as may be recoverable under law.

**JURY TRIAL DEMANDED ON ALL COUNTS.**

Respectfully submitted,

**ROSEN, VARSEK & ROSEN**

Dated:  February 18, 2021                 By: /s/ Robert Varsek
                                          Robert Varsek, Esquire
                                          Pa. I.D. No.:  72936
                                          112 Center Street
                                          P.O. Box B
                                          Oil City, PA 16301
                                          (814) 677-3094

                                          *Counsel for Plaintiffs*